## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46084-0-II |
| Petitioner, | |
| v. | |
| DAVID E. BLISS, | PUBLISHED OPINION |
| Respondent. | |

JOHANSON, C.J. — The State appeals from a superior court order granting David Bliss's motion to suppress a telephonic recording during which Bliss made incriminating statements. The superior court ruled that the district court lacked jurisdiction to authorize the interception and recording of the telephone call. The State argues that the plain language of Washington's "Privacy Act," specifically RCW 9.73.090(2), gives district courts the authority to grant telephone interception and recording authorizations and that authority is within its jurisdiction.

We hold that by enacting RCW 9.73.090(2), the legislature granted district courts the authority to issue telephonic interception and recording authorizations under the Privacy Act and that this specific grant of authority falls within a district court's jurisdiction over preliminary criminal matters. We reverse the superior court's suppression order and remand for further proceedings.

No. 46084-0-II

FACTS

In July 2013, C.[1] reported to Sergeant Monty Buettner of the Skamania County Sheriff's Office that Bliss repeatedly sexually abused her when she was between the ages of seven and eleven. C. reported this information after allegations arose that Bliss had sexually abused his girlfriend's three-year-old child.

On July 30, Sergeant Buettner applied to the Skamania County District Court for authorization under RCW 9.73.090(2) to intercept and record a telephone conversation between C. and Bliss. The call's purpose was to obtain evidence that Bliss had committed first degree rape of a child and/or incest. C. consented to the Skamania County Sheriff's Office recording and monitoring the conversation.

The district court judge granted Sergeant Buettner's application to intercept and record C.'s conversations with Bliss between July 30, 2013 and August 6, 2013. The district court judge found probable cause to believe that Bliss had committed the alleged crimes and that evidence relating to the crimes would be obtained by intercepting and recording the telephone conversation. He also found that intercepting and recording the conversations would substantially aid and supplement normal investigative techniques.

---

[1] *See* Division Two General Order 2011-1 ("in all opinions, orders and rulings in sex crime cases, this Court shall use initials or pseudonyms in place of the names of all witnesses known to have been under the age of 18 at the time of any event in the case").

Within the approved timeframe, C. placed a call to Bliss from the sheriff's office in Skamania County.[2] During the recorded call, Bliss admitted to sexually abusing C. when C. was a small child. At Buettner's direction, police arrested Bliss and the State charged him with four counts of first degree child rape and one count of first degree incest.

Before trial, Bliss moved to suppress the recording and all references to the telephone conversation. He argued that suppression was required because the district court judge had neither the jurisdiction nor the authority to issue the interception and recording authorization. The Skamania County Superior Court granted Bliss's motion, ruling that district courts lack authority to grant authorizations under RCW 9.73.090(2), the controlling provision of the Privacy Act. We granted discretionary review of this ruling under RAP 2.3(b)(2).

ANALYSIS

The State contends that the superior court erred in granting Bliss's motion, arguing that district courts have authority to grant telephonic interception and recording authorizations under RCW 9.73.090(2) because the statute's plain language refers to "a judge or magistrate," which includes district court judges under RCW 2.20.020(3) and because other provisions within the Privacy Act contemplate that district court judges will issue recording authorizations. The State contends that the district court's telephonic interception and recording authorizations are valid even though the call here was placed to someone outside the county and the underlying crime was a felony. We agree.

---

[2] Bliss was in Clark County during the call. The Privacy Act applies to recorded communications "between two or more individuals between points within or without the state." RCW 9.73.030(1)(a).

No. 46084-0-II

## A.  STANDARD OF REVIEW AND LEGAL PRINCIPLES

We review conclusions of law in a suppression of evidence order de novo.  *State v. Arreola*, 176 Wn.2d 284, 291, 290 P.3d 983 (2012).  We also review questions of statutory interpretation de novo.  *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015).  Similarly, whether a court has subject matter jurisdiction is a question of law we review de novo.  *State v. Peltier*, 181 Wn.2d 290, 294, 332 P.3d 457 (2014).

Washington's courts of limited jurisdiction are created by the legislature.  WASH. CONST. art. IV, §§ 1, 12.  The legislature has sole authority to prescribe their jurisdiction and powers.  *Young v. Konz*, 91 Wn.2d 532, 540, 588 P.2d 1360 (1979).  The subject matter jurisdiction of district courts is therefore limited to that affirmatively granted by statute.  "'Jurisdiction means the power to hear and determine.'"  *State v. Werner*, 129 Wn.2d 485, 493, 918 P.2d 916 (1996) (quoting *State ex rel. McGlothern v. Superior Court*, 112 Wash. 501, 505, 192 P. 937 (1920)).  "A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate."  *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994).

## B.  DISTRICT COURT'S PRIVACY ACT AUTHORITY

Our primary objective when reviewing questions of statutory interpretation is to determine and to apply the legislature's intent.  *State v. Donaghe*, 172 Wn.2d 253, 261-62, 256 P.3d 1171 (2011) (quoting *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)).  We determine legislative intent from the statute's plain language "'considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole.'"  *Conover*, 183 Wn.2d at 711 (quoting

4

*Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.*, 182 Wn.2d 342, 350, 340 P.3d 849 (2015)). Statutes relating to the same subject matter will be read as complimentary. *State v. Wright*, 84 Wn.2d 645, 650, 529 P.2d 453 (1974).

Washington's Privacy Act is one of the most restrictive in the nation. *State v. Kipp*, 179 Wn.2d 718, 724, 317 P.3d 1029 (2014). Washington is one of only 11 states that requires all parties to a private communication consent to its recording and disclosure. *Kipp*, 179 Wn.2d at 725. Specifically, the Privacy Act prohibits recording of any

> [p]rivate communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication.

RCW 9.73.030(1)(a). Thus, in Washington, "the privacy act is implicated when one party records a conversation without the other party's consent." *Kipp*, 179 Wn.2d at 724.

Ordinarily, information obtained in violation of the Privacy Act is inadmissible in courts of general or limited jurisdiction. RCW 9.73.050. But the Privacy Act contains several exceptions to the general "all-party consent" rule. One such exception, set forth in RCW 9.73.090(2), is relevant here. That section provides,

> It shall not be unlawful for a law enforcement officer acting in the performance of the officer's official duties to intercept, record, or disclose an oral communication or conversation where the officer is a party to the communication or conversation or one of the parties to the communication or conversation has given prior consent to the interception, recording, or disclosure: PROVIDED, That prior to the interception, transmission, or recording the officer shall obtain written or telephonic *authorization from a judge or magistrate*, who shall approve the interception, recording, or disclosure of communications or conversations with a nonconsenting party for a reasonable and specified period of time, if there is probable cause to believe that the nonconsenting party has committed, is engaged in, or is about to commit a felony.

No. 46084-0-II

Here, RCW 9.73.090(2) governs the outcome because Sergeant Buettner recorded the phone call between C. and Bliss with C.'s consent and only after obtaining the requisite authorization from the district court judge. So long as the district court's authorization was valid, the Privacy Act was not violated.

Although RCW 9.73.090(2) does not use the term district courts or district court judges, it states that both "judges and magistrates" may authorize one-party consent recordings. Elsewhere in the revised code, district court judges are among those included in the category of magistrates.[3] RCW 2.20.020(3); *Werner*, 129 Wn.2d at 494. Neither party appears to dispute that this definition applies.

Besides the plain language of the statute, an examination of related provisions within the Privacy Act also supports the conclusion that the legislature intended to grant district court judges the authority to issue recording authorizations under RCW 9.73.090(2). For instance, RCW 9.73.040(1)(a) governs requests to intercept communications when there are reasonable grounds to believe that national security is endangered, that a human life is in danger, that arson is about to be committed, or that a riot is about to be committed. That statute specifies that only superior court judges may issue such orders. RCW 9.73.040(1).

---

[3] RCW 2.20.020 provides,
　　The following persons are magistrates:
　　　　(1) The justices of the supreme court.
　　　　(2) The judges of the court of appeals.
　　　　(3) The superior judges, and district judges.
　　　　(4) All municipal officers authorized to exercise the powers and perform
　　the duties of district judges.

6

Still another provision in the Privacy Act specifies that in counties of a particular size, at least one superior court judge, district court judge, or magistrate must be available 24 hours a day to receive telephonic requests for authorizations that may be issued under the Privacy Act. RCW 9.73.220. When we read the related provisions and the statutory scheme as a whole, it is evident that the legislature intended to provide district court judges, in certain instances, the power to authorize requests for one-party consent recordings.

Because district court judges are included in the definition of magistrates, RCW 9.73.090(2) is one such instance. And had the legislature wished to limit authorization under RCW 9.73.090(2) to only certain judges—such as superior court judges—it was aware how to do so.

### C. DISTRICT COURT'S CRIMINAL JURISDICTION

Although Bliss recognizes that RCW 9.73.090(2) appears to provide "broad authority" for a district court judge to issue a recording authorization, he contends this power is contrary to the law governing the criminal and territorial jurisdiction of district courts. According to Bliss, the district court's recording authorization was invalid because the district court had no authority to issue such an authorization when the telephone call was made to someone outside of Skamania County, and the underlying crime was a felony, a crime that the district court has no "authority to hear." Br. of Resp't at 7. We disagree because interceptions and recordings occur where made and because district courts are permitted to conduct preliminary hearings on matters provided by law.

RCW 3.66.060 governs the district court's criminal jurisdiction. It provides, in relevant part, that the district court shall have jurisdiction to sit as a committing magistrate and conduct preliminary hearings in cases provided by law. And regarding a district court's territorial

7

jurisdiction, RCW 3.66.100(1) explains that "[e]very district judge having authority to hear a particular case may issue criminal process in and to any place in the state."

First, Bliss provides no authority to support the proposition that a district court's one-party consent recording authorization is invalid when the telephone call was made to a county other than the one where both the alleged crimes occurred and the recording authorization issued. Our Supreme Court has long held that an interception occurs where it was made and that even a recorded telephone call placed to a location outside the United States is permissible if the interception and recording was legal under Washington law. *See Kadoranian by Peach v. Bellingham Police Dep't*, 119 Wn.2d 178, 186, 829 P.2d 1061 (1992).

Bliss instead cites *State v. Davidson*, 26 Wn. App. 623, 613 P.2d 564 (1980), contending that it controls the outcome of this case. But *Davidson* does not apply here. *Davidson* involved a King County District Court's authority to issue a warrant to search a Snohomish County location where there was no allegation that any crime had been committed in King County. 26 Wn. App. at 624-25. Division One of this court held that the trial court correctly determined that the evidence had to be suppressed because the boundaries of a county ordinarily define a district court's territorial jurisdiction and that jurisdiction is only expanded for issuing criminal process when the district court has the authority to hear the case. RCW 3.66.100(1); *Davidson*, 26 Wn. App. at 625.

Because no crime occurred in King County, the King County District Court there had no authority to hear the case and consequently could not issue a valid warrant. RCW 3.66.060; *Davidson*, 26 Wn. App. at 625. The court held further that neither a separate statutory provision authorizing a district court to issue warrants for violations of the Uniform Controlled Substances Act, RCW 69.50.509, nor a court rule permitting such courts to issue criminal process to anywhere

in the state, warranted reversal of the trial court's suppression ruling. *Davidson*, 26 Wn. App. at 625-26. The court rejected that contention because such a reading of the statutes would have enlarged the district court's statutorily created jurisdiction in violation of the state constitution. *Davidson*, 26 Wn. App. at 626.

But here, Bliss does not argue that, like *Davidson*, no crime occurred in Skamania County. Bliss suggests instead that the district court could not issue the telephonic interception authorization in part because the call originated (and was recorded) in Skamania County but was made to Clark County. Bliss does not dispute the fact that the alleged crimes occurred in Skamania County. Therefore, *Davidson* is distinguishable and does not control the outcome here.

Second, Bliss argues that the district court lacked jurisdiction to hear the case because the alleged crimes are felonies. Bliss urges this court to so hold in part because although RCW 3.66.060 provides that district courts have jurisdiction over misdemeanors and gross misdemeanors, there is no felony counterpart in that statute or elsewhere. The State, however, correctly recognizes that besides their jurisdiction to hear misdemeanors and gross misdemeanors committed in their respective counties, district courts also have jurisdiction to sit as committing magistrates and to conduct preliminary hearings in cases provided by law.[4] RCW 3.66.060(2).

Bliss does not address the fact that RCW 3.66.060 identifies several other circumstances over which the legislature has conferred jurisdiction to the district courts, including "preliminary hearings in cases provided by law." RCW 3.66.060 evinces a clear legislative intent to avoid

---

[4] *See also* RCW 3.66.010(1), which provides,
> The justices of the peace elected in accordance with chapters 3.30 through 3.74 RCW are authorized to hold court as judges of the district court for the trial of all actions enumerated in chapters 3.30 through 3.74 RCW or *assigned to the district court by law*; to hear, try, and determine the same according to the law.

restricting district court's criminal jurisdiction solely to misdemeanors. The legislature has plainly contemplated that sometimes district courts have the jurisdiction to issue rulings or process in felony cases that such courts are powerless to try.

RCW 3.66.060 does not define what constitutes a "preliminary hearing," but other decisions from our courts in analogous circumstances are instructive here. Our courts have recognized that district courts have the power to issue criminal process even in felony cases. In *State v. Stock*, 44 Wn. App. 467, 474, 722 P.2d 1330 (1986), Division One of this court rejected the argument that the district court's power to issue search warrants in felony cases "trenches upon, or takes away from the jurisdiction of the superior court" in violation of the state constitution.

In doing so, the *Stock* court cited the language in RCW 3.66.060 that provides that district courts have the jurisdiction to sit as committing magistrates and conduct preliminary hearings in cases provided by law and concurrent jurisdiction with the superior court of proceedings to keep the peace in their respective counties. 44 Wn. App. at 474. The court concluded that both district courts and superior courts have concurrent jurisdiction to issue warrants. *Stock*, 44 Wn. App. at 474; *see also Werner*, 129 Wn.2d at 494 (stating that district courts and superior courts have statutory authority to issue arrest warrants for felons even though the district courts lack the jurisdiction to try such felons).

As examined above, reading the district court's criminal jurisdiction statutes with the Privacy Act further undermines Bliss's argument that the district court's authority to issue recording authorizations is negated by its lack of jurisdiction over felony matters. If Bliss's

interpretation of the statutes were correct, the legislature's use of the term "magistrate" would be rendered meaningless because the legislature has delegated to *judges and magistrates*—which includes district court judges—the authority to issue authorizations under RCW 9.73.090(2) upon a showing of probable cause that only a *felony* has been committed. And "'[s]tatutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (internal quotation marks omitted) (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999)).

Although Bliss is correct that only the legislature may prescribe the jurisdiction and powers of the courts of limited jurisdiction, Bliss fails to address how the grant of authority to judges and magistrates in RCW 9.73.090(2) is not such a prescription. By enacting RCW 9.73.090(2), the legislature intended to delegate to district courts the authority to issue interception and recording authorizations pursuant to the Privacy Act under its jurisdiction to conduct preliminary hearings. The legislature thereby conferred on district courts the statutory authority to issue recording authorizations even though district courts lack the jurisdiction to try such cases.

We hold that the superior court erred as a matter of law by granting Bliss's motion to suppress on the ground that the district court lacked the authority or jurisdiction to issue the

No. 46084-0-II

recording authorization.  Therefore, we reverse the superior court and remand for additional proceedings consistent with this opinion.

JOHANSON, C.J.

We concur:

MAXA, J.

MELNICK, J.