[No. 40553-9-II.   Division Two.   July 28, 2015.]

*In the Matter of the Personal Restraint of* ROBIN TAYLOR SCHREIBER, *Petitioner.*

*Jeffrey E. Ellis* (of *Oregon Capital Resource Center*), for petitioner.

*Anthony F. Golik, Prosecuting Attorney*, and *Anne M. Cruser, Deputy*, for respondent.

[As amended by order of the Court of Appeals August 18, 2015.]

¶1 WORSWICK, J. — After a jury trial, Robin Schreiber was convicted of second degree murder with a firearm sentencing enhancement. He received an exceptional sentence because his victim was a law enforcement officer. Schreiber argues, among other things, that the trial court violated his right to a public trial. In the published portion of this opinion, we hold that Schreiber fails to establish actual and substantial prejudice resulting from any courtroom closure. In the

unpublished portion of this opinion, we hold that Schreiber fails to establish any other claim of unlawful restraint. Accordingly, we deny his personal restraint petition.

## FACTS

¶2 Robin Schreiber was convicted of second degree murder in the 2004 death of Clark County Sheriff's Sergeant Brad Crawford. Some aspects of his trial were shielded from the public view. First, during jury selection, the trial court gave prospective jurors a confidential questionnaire. We assume arguendo that these jury questionnaires were filed under seal.[1] Second, in response to a report that two prospective jurors saw Schreiber in handcuffs in the hallway, the trial court and counsel for both parties privately questioned the prospective jurors in chambers, after Schreiber's counsel waived Schreiber's right to be present. Third, according to Schreiber, spectators were excluded from the courtroom during voir dire due to a lack of space. And fourth, according to Schreiber, the trial court directed the bailiff to speak privately with an empaneled juror.

¶3 A jury ultimately found Schreiber guilty of intentional second degree murder. Schreiber appealed, and we affirmed in an unpublished decision. This personal restraint petition followed.

## ANALYSIS

### PERSONAL RESTRAINT PETITION PRINCIPLES

¶4 When considering constitutional arguments raised in a personal restraint petition, we determine whether the petitioner can show that a constitutional error caused actual and substantial prejudice. *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 810 (2014)

---

[1] Schreiber avers that the completed questionnaires were filed under seal. But the trial judge declared that although the questionnaires purported to be confidential, they were never ordered sealed.

(plurality opinion). A stricter standard governs our consideration of nonconstitutional arguments raised in a personal restraint petition. When considering nonconstitutional arguments, we determine whether the petitioner has established that the claimed error is "a fundamental defect resulting in a complete miscarriage of justice." *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013).

¶5 A personal restraint petition must state with particularity the factual allegations underlying the petitioner's claim of unlawful restraint. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-86, 828 P.2d 1086 (1992). Bald assertions and conclusory allegations are not sufficient. *Rice*, 118 Wn.2d at 886.

¶6 Petitioner's allegations must also have evidentiary support. *Rice*, 118 Wn.2d at 886. If the trial court record does not support the factual allegations, then the petitioner must show through affidavits or other forms of corroboration that competent and admissible evidence will establish the factual allegations. *Rice*, 118 Wn.2d at 886. The petitioner may not rely on mere speculation, conjecture, or inadmissible hearsay. *Rice*, 118 Wn.2d at 886. A personal restraint petition cannot renew an issue that was raised and rejected on direct appeal, unless the interests of justice require the issue's relitigation. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671, 101 P.3d 1 (2004).

¶7 If the petitioner fails to make a prima facie showing of either actual and substantial prejudice or a fundamental defect, we deny the personal restraint petition. *Yates*, 177 Wn.2d at 17-18. If the petitioner makes such a showing, but the record is not sufficient to determine the merits, we remand for a reference hearing. *Yates*, 177 Wn.2d at 17-18. If, however, we are convinced the petitioner has proven actual and substantial prejudice or a fundamental defect, we grant the petition. *Yates*, 177 Wn.2d at 17-18.

RIGHT TO A PUBLIC TRIAL

¶8 Schreiber argues that he is entitled to relief from restraint because the trial court violated his right to a public trial by closing the proceedings without conducting the analysis required by *State v. Bone-Club*, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995). We disagree, holding that Schreiber fails to make out a prima facie showing of actual and substantial prejudice caused by any closure.

¶9 The Washington Constitution protects a criminal defendant's right to a public trial. WASH. CONST. art. I, § 22. A trial court may close a courtroom only if closure is warranted under the five-part test set forth in *Bone-Club*, 128 Wn.2d at 258-59. Closing a courtroom without first conducting the required *Bone-Club* analysis is a structural error. *State v. Paumier*, 176 Wn.2d 29, 35, 288 P.3d 1126 (2012).

A. *Actual and Substantial Prejudice Standard*

¶10 On direct review, a public trial violation requires reversal regardless of whether the defendant has shown prejudice. *Paumier*, 176 Wn.2d at 37. But in a personal restraint petition, the petitioner bears the burden of demonstrating that a constitutional violation caused actual and substantial prejudice. *Coggin*, 182 Wn.2d at 119 (lead opinion).

¶11 In *Coggin* and *Speight*, our Supreme Court recently held that a petitioner must show actual and substantial prejudice to prevail on collateral review of an alleged public trial violation. *Coggin*, 182 Wn.2d at 120-22 (lead opinion); *In re Pers. Restraint of Speight*, 182 Wn.2d 103, 107, 340 P.3d 207 (2014) (plurality opinion). In both *Coggin* and *Speight*, Chief Justice Madsen filed concurring opinions agreeing with the decisions to deny the petitions, but on the ground that the petitioners invited the closure. *Coggin*, 182 Wn.2d at 123; *Speight*, 182 Wn.2d at 108. Chief Justice

Madsen made clear, however, that she agreed with the plurality that a petitioner must show actual and substantial prejudice to prevail on a public trial claim on collateral review. *Coggin*, 182 Wn.2d at 123; *Speight*, 182 Wn.2d at 108. Thus, *Coggin* and *Speight* require a petitioner to make a showing of actual and substantial prejudice resulting from a public trial violation to prevail on collateral review.

B. *Schreiber Fails To Show Actual and Substantial Prejudice*

¶12 Schreiber claims that the trial court violated his right to a public trial four times, by failing to conduct *Bone-Club* hearings before (1) giving prospective jurors confidential questionnaires that were later filed under seal, (2) excluding spectators from voir dire due to a lack of space in the courtroom, (3) questioning two prospective jurors in chambers, and (4) directing the bailiff to speak privately with a juror during the trial. It is undisputed that the trial court conducted no *Bone-Club* hearings.

¶13 But even assuming closures occurred, Schreiber neither argues nor demonstrates that any of these closures caused him actual and substantial prejudice. Schreiber argues only that these closures were structural errors requiring reversal. Because Schreiber is required to demonstrate actual and substantial prejudice, his public trial arguments fail.[2] *Coggin*, 182 Wn.2d at 122.

¶14 For these reasons and those stated in the unpublished portion of this opinion, we deny Schreiber's petition.

¶15 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

---

[2] Schreiber argues for the first time in a supplemental brief that regardless of the actual and substantial prejudice standard in Washington, his claim warrants automatic reversal under the federal constitution. We decline to address this argument. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

116

shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA and LEE, JJ., concur.

Motion for Supreme Court discretionary review filed August 24, 2015.