# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49992-4-II |
| Respondent, | |
| v. | |
| COREAN OMARUS BARNES, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — The superior court in this case wrongly considered Corean Omarus Barnes's CrR 7.8 motion. However, rather than remand the matter, we dismiss his appeal, convert the matter to a personal restraint petition (PRP), and deny the PRP.

This is Barnes's fourth appeal. In 2009, a jury found Barnes guilty of unlawful imprisonment and two counts of rape in the second degree. In 2010, we reversed Barnes's convictions. *State v. Barnes*, noted at 157 Wn. App. 1076, 2010 WL 3766574 (2010) (*Barnes* I). After a retrial in 2012, the jury found Barnes guilty of two counts of rape in the second degree, unlawful imprisonment, and burglary in the first degree with sexual motivation. In 2014, we affirmed the unlawful imprisonment and burglary convictions but reversed the two counts of rape in the second degree convictions. *State v. Barnes*, No. 44075-0-II (Wash. Ct. App. June 17, 2014 (unpublished), http://www.courts.wa.gov/opinions/ (*Barnes* II). On remand, the court resentenced Barnes.

In 2016, Barnes appealed his sentence and filed a PRP challenging his convictions. We affirmed Barnes's sentence and denied his PRP. *State v. Barnes*, No. 47611-8-II (Wash. Ct. App. July 19, 2016) (unpublished), http://www.courts.wa.gov/opinions (*Barnes* III). Barnes then filed a timely CrR 7.8 motion to vacate his burglary conviction, arguing sufficient evidence did not support his conviction because he legally and lawfully resided at the residence he allegedly burglarized. The superior court denied his motion, concluding the issue had already been decided by this court.

Barnes appeals, contending we should address again the sufficiency of evidence issue in the interests of justice and under the actual innocence doctrine. We vacate the superior court's order, dismiss the appeal, convert the matter to a PRP, and deny the PRP.

FACTS[1]

## I. CRIMES, FIRST TRIAL, AND FIRST APPEAL

Barnes and Christina Russell dated in 2007 and 2008. Beginning in early July 2008, Kenneth Johnson rented a room to Barnes, but Barnes was unable to pay rent after the first month and stopped living with Johnson in mid-August 2008. Johnson allowed Barnes to keep some of his possessions at the house. Barnes no longer slept at Johnson's house, but Johnson permitted him to come onto the property on the condition that Barnes would first contact Johnson, and that Johnson would be at home when Barnes arrived.

On August 15, 2008, Russell met Barnes at Johnson's house. While the two were outside Johnson's house, Barnes sexually assaulted Russell. He pulled her out of her car and forcibly carried her to his nearby camper, where he raped her.

---

[1] The majority of the facts are derived from *Barnes* I, II, and III.

Later the same day, Russell drove Barnes back to Johnson's house. At trial, Johnson testified that Barnes did not have permission to be in Johnson's house on August 15, 2008. Russell and Barnes entered the home. Barnes then picked Russell up, carried her into a bedroom, and forcibly raped her while she struggled. Russell secretly recorded both incidents of sexual assault.

The State charged Barnes with two counts of rape in the second degree by forcible compulsion, one count of burglary in the first degree with sexual motivation, and one count of unlawful imprisonment. During Barnes's first trial, the trial court admitted the entirety of Russell's recordings. The jury found Barnes guilty of two counts of rape in the second degree and one count of unlawful imprisonment. The jury did not reach a verdict on the burglary charge. Barnes appealed, arguing that the admission of Russell's recordings violated the Privacy Act, chapter 9.73 RCW. We reversed all of the convictions and remanded for a new trial, because the trial court erred by admitting Russell's entire recordings.

II.    SECOND TRIAL AND SECOND APPEAL

Barnes proceeded to a second jury trial. After the close of testimony, the trial court instructed the jury that a person is not guilty of rape if the sexual intercourse is consensual and that the defendant has the burden of proving that sexual intercourse was consensual. Barnes objected, arguing unsuccessfully that the instruction foisted an unwanted affirmative defense on him.

The jury convicted Barnes of unlawful imprisonment, both counts of rape in the second degree, and burglary in the first degree with sexual motivation.

Barnes appealed a second time, arguing that the trial court violated his Sixth Amendment right to the United States Constitution to control his defense by providing the jury instruction on the affirmative defense of consent on the rape in the second degree charges. We agreed and reversed the rape in the second degree convictions. We affirmed the convictions for unlawful

imprisonment and burglary in the first degree, rejecting Barnes's argument that insufficient evidence supported his burglary conviction because Barnes's presence at Johnson's home was unlawful because he had permission to be there.

III.    RESENTENCING AND THIRD APPEAL

The State declined to retry Barnes for a third time on the rape in the second degree charges. On remand, the court resentenced Barnes for burglary in the first degree with sexual motivation and unlawful imprisonment.

Barnes appealed his new sentence. Barnes also filed a PRP in this court. We consolidated the PRP with Barnes's direct appeal.

In his PRP, Barnes again argued that insufficient evidence supported his burglary conviction because he lawfully lived at Johnson's residence. The State argued that Barnes may not raise this issue again because it was fully litigated in a previous direct appeal. We agreed with the State and dismissed the PRP, but affirmed Barnes's sentence. *Barnes* III mandated on January 23, 2017.

IV.    CRR 7.8 MOTION

On December 7, 2016, Barnes filed a timely CrR 7.8 motion to vacate his burglary in the first degree with sexual motivation conviction. The superior court judge commented during the motion hearing that he considered transferring the matter to the court of appeals but he "just couldn't in good conscious do that. Because, well, I personally know some of them and I think what they would say is why would you send this." Report of Proceedings (Feb. 10, 2017) at 31.

Barnes argued that he was innocent of the burglary conviction because he legally and lawfully resided at Johnson's residence. The trial court denied Barnes's motion, concluding "the matter at issue has been considered and resolved per the Washington Court of Appeals." Clerk's Papers at 16. Barnes appeals.

ANALYSIS

I.    REACHING MERITS OF CRR 7.8 MOTION

As an initial matter, we consider whether the superior court abused its discretion in reaching the merits of Barnes's CrR 7.8 motion instead of transferring the matter to this court as a PRP.

We review a trial court's ruling on a CrR 7.8 motion for abuse of discretion. *State v. Zavala-Reynoso*, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). Under this standard, the trial court's decision will not be reversed unless it was manifestly unreasonable or based on untenable grounds or reasons. *State v. Gentry*, 183 Wn.2d 749, 761, 356 P.3d 714 (2015). An abuse of discretion also occurs if the trial court bases its ruling on an erroneous view of the law. *State v. Lord*, 161 Wn.2d 276, 284, 165 P.3d 1251 (2007).

Under CrR 7.8(c)(2), the superior court "shall" transfer a CrR 7.8 motion to this court unless it is timely AND "the defendant has made a substantial showing that he or she is entitled to relief" or "resolution of the motion will require a factual hearing." Barnes did not make a substantial showing that he was entitled to relief to the superior court and there was no need for a factual hearing to resolve Barnes's issues.

Barnes timely filed his CrR 7.8 motion to vacate his burglary conviction, but the superior court was still required to transfer the motion to this court to be considered as a PRP because there was no substantial showing that Barnes was entitled to relief or that a factual hearing was required. This amounted to an abuse of discretion. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008).

We, therefore, vacate the superior court's order denying Barnes's CrR 7.8 motion, dismiss his appeal, convert the matter to a PRP, and deny the PRP.

II.     PRP STANDARD OF REVIEW

To be entitled to collateral relief through a PRP, the petitioner must first establish error "'by a preponderance of the evidence.'" *In re Pers. Restraint of Crow*, 187 Wn. App. 414, 420-21, 349 P.3d 902 (2015) (quoting *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 490, 251 P.3d 884 (2010)). Second, if the petitioner is able to show error, he or she then must also prove prejudice, the degree of which depends on the type of error shown. *Crow*, 187 Wn. App. at 421. If a constitutional error, the petitioner must demonstrate it resulted in actual and substantial prejudice to him. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004). If a nonconstitutional error, the petitioner must meet a stricter standard and demonstrate the error resulted in a fundamental defect which inherently resulted in a complete miscarriage of justice. *Davis*, 152 Wn.2d at 672. If the petitioner fails to make a prima facie showing of either actual and substantial prejudice or a fundamental defect, we deny the PRP. *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015). We also deny the PRP when a petitioner renews an issue "that was raised and rejected on direct appeal, unless the interests of justice require the issue's relitigation." *Schreiber*, 189 Wn. App. at 113.

6

III.    BURGLARY IN THE FIRST DEGREE WITH SEXUAL MOTIVATION

Barnes argues that insufficient evidence supports his burglary in the first degree with sexual motivation conviction because he did not unlawfully enter a building. While this issue was addressed in *Barnes* II *and Barnes* III, Barnes argues the issue should be relitigated in the interest of justice. We disagree.

A.    Sufficiency of Evidence

We review sufficiency of the evidence de novo. *State v. Berg*, 181 Wn.2d 857, 867, 337 P.3d 310 (2014). When reviewing sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the crime's essential elements beyond a reasonable doubt. *Berg*, 181 Wn.2d at 867. We assume all of the State's evidence and any reasonable inferences from it are true, and all reasonable inferences from the evidence must be drawn in the State's favor and interpreted most strongly against the defendant. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). Circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the jury to resolve issues of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence. *State v. Rodriquez*, 187 Wn. App. 922, 930, 352 P.3d 200 (2015).

A person commits burglary in the first degree "if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person." RCW 9A.52.020(1).

7

Barnes argues he did not unlawfully enter a building because he had permission to be inside Johnson's residence as a former renter. We considered, and rejected, this argument in *Barnes* II and *Barnes* III.

In *Barnes* II, Barnes argued that the State failed to prove the elements of burglary in the first degree because there was no evidence that his presence was unlawful. Viewing the evidence in the light most favorable to the State, including Johnson's testimony that Barnes did not have permission to be inside Johnson's home on the day in question, we held that sufficient evidence supports the burglary conviction.

In *Barnes* III, Barnes again argued that insufficient evidence supports his burglary in the first degree conviction because he lawfully lived at Johnson's residence. The State argued that Barnes may not raise this issue again because it was fully litigated in a previous direct appeal. We agreed with the State, and held that "Barnes does not now show that the interests of justice require this issue's relitigation." *Barnes* III, No. 47611-8-II, slip op. at 4.

Barnes now raises this issue for a third time. He argues that we should readdress this issue in the interests of justice and because he is actually innocent.

B.     Interests of Justice.

In a request for collateral relief, the person requesting relief is prohibited from renewing an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of that issue. *Davis*, 152 Wn.2d at 671. "[R]eexamination of an issue decided in a prior appeal is limited to cases where an intervening change in the law or some other circumstance justified the failure to raise a crucial argument on appeal." *In re Pers. Restraint of Mines*, 190 Wn. App. 554, 570, 364 P.3d 121 (2015).

Barnes raises the same arguments raised before with the additional argument that he lawfully entered the premises based on the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW. But, this Act is not a new intervening change in the law. And Barnes does not raise any new circumstances that justify a failure to raise the crucial argument previously. Accordingly, Barnes has not shown that the interests of justice require relitigation of the sufficiency of the evidence issue.

C.     Actual Innocence Doctrine

Barnes next claims that we should address his sufficiency of the evidence issue again because he is actually innocent of the burglary conviction. We disagree.

The actual innocence doctrine applies when a defendant can show by clear and convincing evidence that an alleged constitutional error resulted in the conviction of an actually innocent defendant and a "fundamental miscarriage of justice would otherwise result if the collateral attack is dismissed." *In re Pers. Restraint of Carter*, 172 Wn.2d 917, 923, 263 P.3d 1241 (2011). A claim in such case is thus a gateway actual innocence claim because it is not a freestanding claim of constitutional error, but rather an attempt to evade a procedural bar and reach the alleged error.

Assuming without deciding that the actual innocence doctrine applies here, Barnes fails to show constitutional error relating to his sufficiency of the evidence argument. A defendant asserting an actual innocence claim must, at a minimum, make a threshold showing of innocence. *In re Pers. Restraint of Weber*, 175 Wn.2d 247, 260, 262-63, 284 P.3d 734 (2012).

Barnes continues to argue that he had permission to be at Johnson's residence, but the evidence in the record shows his rental agreement was terminated based on unpaid rent. Johnson allowed Barnes to temporarily store his personal property at Johnson's home, but Barnes could only enter the home with Johnson's permission. And Johnson did not give Barnes permission to

enter the home on the day in question. While Barnes tells a different story, we leave credibility determinations to the trier of fact. *Rodriquez*, 187 Wn. App. at 930. Moreover, we view this evidence in a light most favorable to the State. *Berg*, 181 Wn.2d at 867. Accordingly, Barnes has not met his burden of showing by clear and convincing evidence that he was actually factually innocent of the burglary conviction.

Because Barnes fails to show he is entitled to collateral relief, we deny his PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

Melnick, J.

We concur:

Worswick, P.J.

Sutton, J.