# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the
Personal Restraint of

DARRELL PARNEL BERRIAN,

                    Petitioner.

No. 53044-9-II

UNPUBLISHED OPINION

GLASGOW, J. — Darrell Berrian seeks relief from personal restraint imposed as a result of his 2014 conviction for first degree assault. We deny the petition.

## FACTUAL BACKGROUND

After a jury trial, Berrian was found guilty of first degree assault while he was armed with a deadly weapon. The court sentenced Berrian to the midpoint of his standard range and added a 48-month deadly weapon sentence enhancement.

Following a successful personal restraint petition, he was resentenced in 2018 with a revised offender score of 4. His revised standard sentence range was 129 to 171 months, plus the 48-month deadly weapon sentencing enhancement. Prior to sentencing, Berrian filed a memorandum requesting that the court sentence him to the low end of the standard range, and he repeated the request at the hearing. He also asked at the hearing that the court run his sentences concurrently with a sentence in another case. He did not request an exceptional sentence.

The trial court imposed a base sentence of 150 months and added the 48-month sentencing enhancement, resulting in a total sentence of 198 months. The trial court explained to Berrian, "I came to a midpoint sentence in your [original sentencing] because I did think that was appropriate and, again, I see no reason to depart from that." Br. of Resp't., App. X at 13. Berrian then filed this timely personal restraint petition.[1]

## ANALYSIS

Granting a personal restraint petition is an extraordinary remedy, and therefore a petition must meet a high standard. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013); *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132-33, 267 P.3d 324 (2011). If the petitioner claims constitutional error, he must show the error resulted in actual and substantial prejudice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). If the petitioner claims nonconstitutional error, he must show the error resulted in a fundamental defect that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015). The petitioner must show error by a preponderance of the evidence. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013).

Berrian argues that *State v. Brown*, which held that deadly weapon sentencing enhancements are mandatorily consecutive to a defendant's base sentence, is incorrect, harmful, and the legal underpinnings for that case have changed. 139 Wn.2d 20, 29, 983 P.2d 608 (1999).[2]

---

[1] Berrian's revised judgment was filed on June 15, 2018, making his January 7, 2019 petition timely filed. RCW 10.73.090(3)(a). He filed his petition with the Washington State Supreme Court, which transferred his petition to this court under RAP 16.5.

[2] Our Supreme Court has overruled *Brown* as it applies to the sentencing of juveniles. *State v. Houston-Sconiers*, 188 Wn.2d 1, 21 n.5, 391 P.3d 409 (2017). Berrian was not a juvenile when he committed his crime.

Berrian states that *Brown* is inconsistent with the Sentencing Reform Act of 1981, ch. 9.94A RCW. Additionally, he argues that *State v. McFarland*, 189 Wn.2d 47, 52, 399 P.3d 1106 (2017), undermined *Brown*. He contends that he should be resentenced again, allowing the trial court to exercise its discretion to impose an exceptional sentence.

Berrian's petition fails for two reasons. First, we cannot abandon or overturn a decision of our Supreme Court. *In re Pers. Restraint of Le*, 122 Wn. App, 816, 820, 95 P.3d 1254 (2004), *aff'd*, 155 Wn.2d 356, 119 P.3d 816 (2005). While Berrian cites to cases about the Court of Appeals' authority, those cases do not involve the Court of Appeals abandoning or overturning a decision by our Supreme Court. Additionally, *McFarland* did not overrule *Brown*. Instead *McFarland* allows as an exceptional sentence for standard range sentences for multiple firearm-related crimes to be served concurrently in certain circumstances. *McFarland*, 189 Wn.2d at 52.

Second, Berrian did not ask for an exceptional sentence downward at his resentencing. Resentencing is appropriate where a trial court has categorically refused to impose an exceptional sentence below the standard range under any circumstances. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). But absent any request for an exceptional downward sentence, we cannot conclude that the trial court categorically refused to consider one.

Berrian also relies on *In re Personal Restraint of Mulholland*, 161 Wn.2d 322, 166 P.3d 677 (2007), and *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 50 P.3d 618 (2002). Unlike *Mulholland*, there is no evidence that the trial court was inclined to impose an exceptional sentence but refrained because it thought it was prohibited from doing so. Instead, at the resentencing, the trial court stated, "I came to a midpoint sentence in your [original sentencing] because I did think that was appropriate and, again, I see no reason to depart from that." Br. of Resp't., App. X at 13.

No. 53044-9-II

Additionally, this case is unlike *Goodwin*, where the defendant was sentenced based on a miscalculated offender score, which was fundamentally defective and not subject to waiver. 146 Wn.2d at 875-76. These cases do not support Berrian's arguments.

In sum, Berrian does not present grounds for relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

WORSWICK, J.

MAXA, C.J.

4