# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 55247-7-II |
| STEVEN EDWARD PINK, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, C.J. — Steven E. Pink seeks relief from personal restraint imposed following his 2014 plea of guilty to first degree assault. On September 24, 2018, he was released from confinement to community custody in lieu of earned release. Among his conditions of community custody were to not consume controlled substances without a lawful prescription, to not associate with current or recent drug users, and to not possess drug paraphernalia.

After 19 months on community custody, during which Pink had several violations, Pink's sister informed the Department of Corrections that Pink was homeless and was seen with his girlfriend, Janene Tovar,[1] who the Department knew to be a drug user. On March 31, 2020, the Department conducted a swab test of Pink's mouth to determine if he had been consuming controlled substances. The swab test came back positive for amphetamines, methamphetamines, opioids, and heroin.

The Department decided to arrest Pink for violating his conditions of community custody, but delayed that arrest until after Pink was tested for COVID-19. When the Department did arrest him on April 30, 2020, he admitted to having used methamphetamines as recently as April 25, 2020, and provided his keys to the car in which he and Tovar were living. When the Department

---

[1] Tovar's first name is spelled in a number of ways in the record.

searched Pink's car, they found glass smoking devices, bent spoons, aluminum foil with burned residue, and a mirror with white residue.

The Department charged Pink with five violations of his conditions of community custody:

**ALLEGATION #1**
Consuming a controlled substance, methamphetamines, on or about 3/31/20.

**ALLEGATION #2**
Consuming a controlled substance, opiates, on or about 03/31/20.

**ALLEGATION #3**
Associating with a known drug user, Janeane Tovar, on or about 4/30/20.

**ALLEGATION #4**
Possession of drug paraphernalia (four glass smoking devices, aluminum foil, mirror with residue, and two spoons) on or about 4/30/20.

**ALLEGATION #5**
Consuming a controlled substance, methamphetamine, approximately 4 times on or between 04/01/20 and 04/25/20, by self-admission.

Resp. of Dep't of Corr. , Ex. 1, Attach. A at 4.

Pink pleaded not guilty to all five alleged violations. He declined to be screened for attorney representation.

During the hearing on his alleged violations, Pink admitted to having used methamphetamines at about the time of the swab test in March 2020, but he denied having used opioids since the 1980's. Pink also admitted that his Community Corrections Officer (CCO) had previously told him that being with Tovar was a violation of his community custody and conceded that Tovar has a history of drug use. Pink claimed the drug paraphernalia in his car belonged to Tovar. The swab test results were not submitted into evidence, nor were the drug paraphernalia seized and forensically tested.

The hearing officer found Pink guilty of Allegations #1 and #3, stating that "what I'm primarily relying on here is what you've told me here today." Resp. of Dep't of Corr., Ex. 2, Attach. C at 20. The hearing officer also found Pink guilty of Allegation #4 based on constructive possession of the drug paraphernalia in his car. The hearing officer found Pink not guilty of Allegations #2 and #5, for lack of evidence.

The hearing officer imposed a sanction of returning Pink to total confinement to complete his sentence. A Department appeal panel upheld the findings of violations and the sanction.

A petitioner may request relief through a personal restraint petition when he or she is under an unlawful restraint. RAP 16.4(a)-(c). A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004). The petitioner must prove the error by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).

In addition, the petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations. RAP 16.7(a)(2)(i); *In re Cook*, 114 Wn.2d 802, 813-14, 792 P.2d 56 (1990). Where the record does not provide any facts or evidence on which to decide the issue and the petition instead relies solely on conclusory allegations, this court will decline to determine the validity of a personal restraint petition. *In re Williams,* 111 Wn.2d 353, 365, 759 P.2d 436 (1988).

In evaluating personal restraint petitions, this court can deny the petition if the petitioner fails to make a prima facie showing of actual or substantial prejudice or a fundamental defect, remand for a reference hearing if the petitioner makes a prima facie showing but the record is

3

insufficient to determine the merits of the contentions, or grant the petition without further hearing if the petitioner has proved actual and substantial prejudice or a fundamental defect. *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015).

First, Pink argues that the Department violated his right to due process when it did not submit the swab test results into evidence before the hearing officer. But the findings of violations were not based on the swab test results; they were based on Pink's admissions. And he was acquitted of the allegation that was based on the swab test results. Pink does not show a violation of the minimal due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).

Second, Pink argues that the Department violated his right to due process when it did not submit Tovar's criminal records into evidence to establish that she was a current or recent drug user. But Pink's condition of community custody was to not associate with current or recent drug users, not to not associate with persons convicted of drug crimes. Tovar's criminal records were not relevant. Further, Pink admitted that he knew Tovar was a drug user and that the Department had previously told him that associating with Tovar was a violation of his community custody. Pink does not show a violation of due process.

Third, Pink argues that the search of his car was unlawful, that he did not have constructive possession of the drug paraphernalia because Tovar also lived in the car, and that the Department could not have found him guilty of drug paraphernalia because it did not seize and forensically test the paraphernalia. But RCW 9.94A.631(1) gives the Department legal authority to search an offender's car upon reasonable cause to believe the offender has violated the conditions of community custody. Pink's admission to using methamphetamine gave the Department reasonable cause to search his car. The Department need not prove exclusive control over the

4

premises to establish that a person had constructive possession of items in the premises. *State v. Listoe,* 15 Wn. App. 2d 308, 326, 475 P.3d 534 (2020). And the pictures of the glass pipes, bent spoons, aluminum foil with burnt residue, and a mirror with white residue were sufficient evidence that the items were drug paraphernalia, even if they were not seized and forensically tested. RCW 69.50.102(a)(8) and (a)(12)(i).

Fourth, Pink argues that the hearing officer was not "neutral and detached" as required under *Morrissey*, 408 U.S. at 489, because the presenting CCO and his supervisor were trying to revoke Pink's good time. But the hearing officer was not in the same chain of command as the presenting CCO, and Pink does not show any actions by the hearing officer that would indicate the hearing officer was not neutral and detached.

Fifth, Pink argues that he was denied due process when the Department improperly administered the swab test. But because the Department did not submit the swab test results into evidence, any deficiencies in the test procedures are irrelevant.

Finally, Pink argues that he was denied due process when the Department did not honor his requests for transcripts of his violation hearing for purposes of appeal. While an offender is entitled to a copy of the audio recording of his violation hearing under WAC 137-104-060(13), he is not entitled to have a transcription made and provided to him. Pink does not show a violation of due process.

Pink does not demonstrate any grounds for relief. Accordingly, we deny his petition. His request for appointment of counsel is denied.[2]

---

[2] Pink filed a motion on February 10, 2021, seeking to "strike [the Department's] brieffor misleading this court." Reply Br. of Pet. at 1. We deny the motion to strike the Department's brief.

No. 55247-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.

6