# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No.  55003-2-II |
| AHMED H. AL-BEDAIRY, | |
| Petitioner. | UNPUBLISHED OPINION |

PRICE, J. — Ahmed H. Al-Bedairy filed a CrR 7.8 motion to withdraw his 1998 guilty plea to second degree assault.  Al-Bedairy argues he received ineffective assistance of counsel because his defense attorney did not inform him of the immigration consequences of his guilty plea. Although the superior court improperly transferred the CrR 7.8 motion to this court, we convert the CrR 7.8 motion into a personal restraint petition (PRP) and deny Al-Bedairy's PRP because he has not shown that his attorney's actions prejudiced him, and therefore, has not shown ineffective assistance of counsel.

## FACTS

Al-Bedairy is an Iraqi immigrant who moved to the United States in 1996 as a refugee. That same year Al-Bedairy gained resident status.  In 1998, Al-Bedairy was charged with, and later pleaded guilty to, assault in the second degree.

In 1999, Al-Bedairy moved to withdraw his guilty plea, claiming he received ineffective assistance of counsel.  Al-Bedairy alleged in his motion that at the time he entered his guilty plea, he did not receive the services of an interpreter and did not understand that he could be deported as a result of his conviction.

The superior court held an evidentiary hearing to determine the issues raised in Al-Bedairy's motion to withdraw his plea, including the issue of whether he knew the immigration consequences of pleading guilty. Al-Bedairy testified on his own behalf and called five additional witnesses. Al-Bedairy's witnesses testified extensively about his level of English proficiency.

The State called Al-Bedairy's former defense counsel to testify. The former defense counsel expressed concern about testifying about his conversations with Al-Bedairy because Al-Bedairy had not waived his attorney-client privilege. The superior court permitted the counsel to testify about his meetings with Al-Bedairy, but did not allow him to testify as to statements made by Al-Bedairy. Following those restrictions, the former defense counsel testified as follows:

Q    Did you explain to [Al-Bedairy] what was contained on the plea form?
A    I did.
Q    Did he have any questions for you?
A    Yes.
Q    Did you -- did you answer his questions?
A    Yes.
Q    Did you -- on the plea form, is there not a space on there that explains that this can result in him being deported?
A    Yes.
Q    Did you explain that to him?
A    Yes.
Q    Did he ask you any questions as a result of that?
A    I recall the general nature of the discussion. I can't recall about deportation. I couldn't recall the exact questions.
Q    Okay. All right.
A    There was a discussion about the issue with Mr. Al-Bedairy.

Verbatim Report of Proceedings (VRP) at 91-92.

At the conclusion of the hearing, the superior court determined that Al-Bedairy entered his guilty plea knowingly, intelligently, and voluntarily, and also made the specific written finding that Al-Bedairy "knew of the immigration and naturalization consequences of his plea." PRP at 56 (App. 38). Al-Bedairy appealed the denial of his motion to withdraw the guilty plea, and this court affirmed the superior court's decision. *State v. Al-Bedairy*, noted at 105 Wn. App. 1019 (2001).

In 2020, Al-Bedairy filed another motion with the superior court to withdraw his guilty plea under CrR 7.8, asserting he received ineffective assistance of counsel. Al-Bedairy argued that his defense attorney did not, consistent with recent case law, sufficiently inform him of the immigration consequences of entering a guilty plea. The State moved to transfer the motion to this court, arguing that the motion was untimely under RCW 10.73.090. The superior court agreed with the State and transferred the motion to this court for consideration as a PRP.

ANALYSIS

I. TIMELINESS

Al-Bedairy argues that his motion was timely filed because there has been a significant change in the law regarding the obligation of defense counsel to inform clients about immigration consequences that exempts his CrR 7.8 motion from being time-barred.

Petitions for a collateral attack may be timely filed within one year of the judgment becoming final. RCW 10.73.090(1). However, the one year time bar does not apply to motions that are based solely on:

> a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly

3

> provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100(6). A CrR 7.8 motion for relief is transferred to the Court of Appeals for consideration as a PRP when it appears to the superior court to be time-barred. CrR 7.8(c)(2).

Here, Al-Bedairy argues that his motion is timely because of a significant change in the law with respect to defense counsel's duties to inform clients about immigration consequences. In *Padilla*, the United States Supreme Court established that defense attorneys must fully advise noncitizen clients of the risk of deportation when they enter a guilty plea. *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). Later, our Supreme Court held that *Padilla* was a significant change to the law that applies retroactively for the purposes of RCW 10.73.100(6). *In re Pers. Restraint of Tsai*, 183 Wn.2d 91, 106-07, 351 P.3d 138 (2015). The State concedes that these authorities constitute a significant change to the law that applies retroactively. We accept the State's concession and, accordingly, hold that the superior court erred in transferring Al-Bedairy's CrR 7.8 motion to this court as a PRP because the motion was timely.

While this error would typically result in our transferring the matter back to the superior court, we have the authority to convert an improperly transferred motion to a PRP. *See State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). Here, although Al-Bedairy argues that the superior court improperly transferred the motion, he explicitly asks us "to decide the case on the merits as expeditiously as possible" rather than to transfer the case back to the superior court if remand would cause further delay. Reply Br. at 6. Accordingly, we choose to convert Al-Bedairy's motion to a PRP to decide the merits of his claim.

4

No. 55003-2-II

II. INEFFECTIVE ASSISTANCE OF COUNSEL

Al-Bedairy asserts that he is entitled to relief from judgment because he received ineffective assistance of counsel under *Padilla.* We disagree and deny Al-Bedairy's PRP.

When reviewing a PRP, we have three options: to deny, grant, or remand for a full hearing on the merits. *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015). To be entitled to relief in a PRP, the petitioner must show either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that constituted a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005), *abrogated on other grounds by Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 116 L. Ed. 2d 482 (2006).

To show that they received ineffective assistance of counsel, a petitioner must show that their attorney performed deficiently and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Yates*, 177 Wn.2d at 35. Failure to establish either prong is fatal to the claim. *Strickland*, 466 U.S. at 700. Courts need not address the two elements of ineffective assistance of counsel in order, and may deny a claim for ineffective assistance for failure to show prejudice alone. *Strickland*, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

For a claim of ineffective assistance of counsel, if a petitioner establishes prejudice under the *Strickland* test, they have necessarily met their burden to show actual and substantial prejudice in the context of a PRP. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

5

In the context of a guilty plea, to show that they were prejudiced by their counsel's actions, the petitioner must show that there is a reasonable probability that the petitioner would not have pled guilty and would have instead insisted on proceeding to trial. *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011). "A 'reasonable probability' exists if the defendant 'convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Id.* at 175 (alteration in original) (quoting *Padilla*, 559 U.S. at 372). The reasonable probability standard is "somewhat lower" than a preponderance of the evidence standard. *Id.* at 175.

In this case, Al-Bedairy asserts that he was prejudiced by his defense counsel's actions because he did not know that entering a guilty plea would lead to deportation and he would not have entered the guilty plea if he had known. The State responds that the issue of whether Al-Bedairy knew about the immigration consequences of pleading guilty was resolved during the 1999 evidentiary hearing on Al-Bedairy's previous motion to withdraw his plea and he is barred by collateral estoppel from relitigating the issue. If Al-Bedairy knew those immigration consequences, then it follows, according to the State, that Al-Bedairy cannot show prejudice sufficient to maintain an ineffective assistance of counsel claim. We agree with the State.

The doctrine of collateral estoppel bars parties from relitigating an issue when the party asserting collateral estoppel shows:

> "(1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied."

6

*Weaver v. City of Everett*, 194 Wn.2d 464, 474, 450 P.3d 177 (2019) (quoting *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 307, 96 P.3d 957 (2004)). Al-Bedairy argues that collateral estoppel does not apply because the first, second, and fourth elements are not met.[1]

As for the first element of identical issues, the central argument of Al-Bedairy's PRP is he did not know about the deportation consequences prior to pleading guilty and that if he had been advised by his counsel, as required by *Padilla*, he would not have entered that plea. However, even though the context is slightly different—Al-Bedairy's 1999 motion addressed whether his plea was knowing, intelligent, and voluntary, and the current motion involves a claim of ineffective assistance of counsel—whether or not Al-Bedairy knew about the immigration consequences is the identical issue that was formerly presented in 1999. Al-Bedairy argues that the issue he raises now as a result of *Padilla* is not identical because, essentially, the issue of immigration consequences was not taken as seriously as *Padilla* would require and the focus of the hearing in 1999 was on the interpreter issue, not immigration. We find that argument unpersuasive. What Al-Bedairy may have known about the immigration consequences was factually prominent in his 1999 motion. And while defense counsel was prevented by the superior court from testifying about the specific details of his discussions with Al-Bedairy, the motion resulted in an unambiguous written finding from the superior court that Al-Bedairy "knew of the immigration and naturalization consequences of his plea." PRP at 56 (App. 38). We determine that the first element of collateral estoppel is met because Al-Bedairy's PRP hinges on prejudice assertions for the same issue that was already litigated in 1999.

---

[1] Because Al-Bedairy is the same individual in both hearings, the third element requiring privity of the parties is clearly met.

For the second element, the 1999 decision about Al-Bedairy's knowledge of the immigration consequences must be considered a judgment on the merits. The State argues that the issue was decided in a final judgment on the merits because it was decided in a full and fair hearing. *Hadley v. Maxwell*, 144 Wn.2d 306, 311, 27 P.3d 600 (2001) (To determine the first and second elements of collateral estoppel, Washington courts look to "whether the parties to the earlier proceeding had a full and fair hearing on the issue."). We agree that the issue was decided in a full and fair hearing; Al-Bedairy testified himself and called five witnessed in his defense. Following this testimony and that of Al-Bedairy's former defense counsel, the superior court still determined that Al-Bedairy was aware of the immigration consequences. Because the issue was decided in a full and fair hearing, the issue meets the second element for collateral estoppel as a final judgment on the merits.

For the fourth collateral estoppel element related to avoiding an injustice, Al-Bedairy asserts that barring relitigation of the issue of his knowledge of immigration consequences would be an injustice because he is at risk for deportation with potentially serious consequences and the issue was not adequately litigated in 1999 in light of these consequences. We acknowledge the potential danger resulting from deportation; however, deportation was a general risk in 1999, and the issue of Al-Bedairy's knowledge of the immigration consequences of a guilty plea was, in fact, litigated. We find that applying collateral estoppel here would not cause an injustice because, while political changes both domestically and internationally may affect the degree of risk, the general consequence of a possible deportation from pleading guilty to a crime of second degree assault was the same in 1999 as it is now.

No. 55003-2-II

Because all four elements of collateral estoppel are met, Al-Bedairy is barred from relitigating the issue of whether he knew that he could be deported as a result of entering a guilty plea. Because Al-Bedairy knew about the deportation risk at the time of his plea, and still entered the plea voluntarily, he cannot show prejudice from any alleged deficient representation from his counsel on this issue.

We deny Al-Bedairy's personal restraint petition because he has failed to show by a reasonable probability that he was prejudiced by his defense attorney's actions and, therefore, has failed to prove that he received ineffective assistance of counsel.

CONCLUSION

We convert Al-Bedairy's CrR 7.8 motion into a personal restraint petition and deny Al-Bedairy's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

LEE, J.