**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>KEVIN LEE FORLER,<br><br>        Petitioner. | No. 85914-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — In this personal restraint petition (PRP), Kevin Forler challenges his 2017 convictions for attempted first degree rape of a child and attempted commercial sexual abuse of a minor. Less than a year after his direct appeal mandated, Forler filed this PRP. Forler asserts that he received ineffective assistance of counsel because defense counsel did not raise an entrapment defense. Forler made the same assertion in his direct appeal. Forler also challenges a community custody condition.

We remand for the trial court to remove the community custody condition but otherwise deny Forler's PRP.

I

The facts of this case are fully set forth in this court's decision in Forler's direct appeal, State v. Forler, No. 79079-0-I, slip op. at 2-7 (Wash. Ct. App. June 10, 2019)

(unpublished), https://www.courts.wa.gov/opinions/pdf/790790.pdf. We repeat only those facts necessary to Forler's petition here.

As part of a sting operation by the Kitsap Missing and Exploited Children's Task Force, Washington State Patrol Detective Carlos Rodriguez posted an ad on a Craigslist Casual Encounters forum posing as "Shannon Pearsen," a mother of two young daughters. Forler, slip op. at 2. Forler responded by e-mail and began communicating with Detective Rodriguez, first via e-mail and then via text. Forler, slip op. at 2-3. Forler then spoke by telephone with an undercover detective who went over the rules of the encounter with "Shannon's" children. Forler, slip op. at 5. Forler texted that he could be at "Shannon's" apartment in about an hour and Detective Rodriguez gave Forler the address to a Burger King in Bremerton to stop at before receiving the address of "Shannon's" apartment. Forler, slip op. at 5. After receiving the address, Forler proceeded to the apartment and was arrested upon arrival. Forler, slip op. at 6.

Forler was charged with attempted rape of a child and attempted commercial abuse of a child. Forler, slip op. at 6.

> At trial, Forler testified that he only continued conversations with "Shannon" and went to the apartment complex to find out if "real children" were involved. Forler testified that he did not intend to commit rape of a child, or commercial abuse of a child. Forler explained that he continued engaging "Shannon" by saying he was "excited at the possibilities" because if he did not use the "right words" when talking about the Craigslist ad, "[m]ost of the time—boom—you never hear from [the Craigslist poster] again" and he was trying to "make it sound like [he] was interested" so he could determine if children were at risk.
>
> Forler also indicated that he always had condoms in his car, but that he left them in the car when he arrived at the apartment complex because he had no intention of using them. When asked why Forler did not call law enforcement if he was worried children were at risk, he stated, "[l]ike with so many things, it would just fall in between the cracks and nobody would

ever investigate it." Forler also testified to his belief that he was as well suited as law enforcement to investigate whether children were at risk.

Forler, slip op. at 6-7.

After a jury trial, Forler was convicted of attempted rape of a child and attempted commercial abuse of a child. Forler, slip op. at 7. In his direct appeal to this court, Forler raised several challenges including that his defense counsel was ineffective for failing to request a jury instruction on the defense of entrapment. Forler, slip op. at 1. In that unpublished opinion, we affirmed Forler's conviction but reversed and remanded to modify the community custody conditions. Forler, slip op. at 1.

The mandate was issued on January 13, 2020. Forler timely filed this PRP.

II

A

Relief by way of a collateral challenge through a PRP is extraordinary; the petitioner must meet a high standard before this court will disturb an otherwise settled judgment. In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). To obtain relief in a PRP, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. In re Pers. Restraint of Swagerty, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). If the petitioner fails to demonstrate actual and substantial prejudice or a fundamental defect, we deny the PRP. In re Pers. Restraint of Schreiber, 189 Wn. App. 110, 113, 357 P.3d 668 (2015).

A petitioner may not renew a ground for relief that was raised and rejected on direct appeal unless the interests of justice require reconsideration of that ground. In re

Pers. Restraint of Knight, 196 Wn.2d 330, 341, 473 P.3d 663 (2020); In re Pers. Restraint of Yates, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). A ground for relief was "raised and rejected on direct appeal" if the same ground presented in the petition was determined adversely to the petitioner on appeal and the prior determination was on the merits. In re Pers. Restraint of Taylor, 105 Wn.2d 683, 687, 717 P.2d 755 (1986). A "ground" is a distinct legal basis for granting relief. Taylor, 105 Wn. 2d at 688. If there is doubt about whether two grounds are different or the same, the doubt should be resolved in the petitioner's favor. Taylor, 105 Wn. 2d at 688.

The interests of justice are served by reconsidering a ground for relief if there has been an intervening material change in the law or some other justification for having failed to raise a crucial point or argument on appeal. Yates, 177 Wn.2d at 17; In re Pers. Restraint of Gentry, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999). This is a narrow exception to the general rule against relitigation, and any change in the law must be clearly established. See Knight, 196 Wn.2d at 342 (Court of Appeals decision on double jeopardy claims was not an intervening change of law).

A "new" ground for relief is not created merely by supporting a previous ground with different factual allegations or different legal arguments, or by couching the claim in different language. Yates, 177 Wn.2d at 17; In re Pers. Restraint of Lord, 123 Wn.2d 296, 329, 868 P.2d 835 (1994). For example, a petitioner generally may not renew a previously determined issue simply by recasting it as a claim of ineffective assistance of counsel. In re Pers. Restraint of Benn, 134 Wn.2d 868, 906, 952 P.2d 116 (1998). But if a petitioner made a claim of ineffective assistance of counsel on direct appeal, the

-4-

petitioner may assert ineffective assistance on a different basis on collateral review.  In re Pers. Restraint of Khan, 184 Wn.2d 679, 688-89, 363 P.3d 577 (2015).

B

Forler argues that he received ineffective assistance of counsel because the State argued the incorrect standard for entrapment, defense counsel did not object and did not otherwise propose an entrapment defense.[1]  We disagree.

To be entitled to collateral relief in a PRP raising an ineffective assistance of counsel claim, the petitioner must show both that (1) defense counsel's representation was deficient and (2) the deficient representation was prejudicial.  In re Pers. Restraint of Crace, 174 Wn.2d 835, 840, 846-47, 280 P.3d 1102 (2012) (citing Strickland v. Wash., 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).  Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness.  State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).  A petitioner alleging ineffective assistance of counsel must overcome a strong presumption that counsel's performance was reasonable.  Grier, 171 Wn.2d at 33.  "When counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient."  State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009).  A petitioner establishes actual and substantial prejudice if the petitioner meets the standard of

---

[1] RCW 9A.16.070, Washington's entrapment statute provides that:

(1) In any prosecution for a crime, it is a defense that:
(a) The criminal design originated in the mind of law enforcement officials, or any person acting under their direction, and
(b) The actor was lured or induced to commit a crime which the actor had not otherwise intended to commit.
(2) The defense of entrapment is not established by a showing only that law enforcement officials merely afforded the actor an opportunity to commit a crime.

prejudice applicable on direct appeal: that but for counsel's deficient performance there is a reasonable probability the outcome would have been different. In re Pers. Restraint of Lui, 188 Wn.2d 525, 538, 397 P.3d 90 (2017). If one prong of the test fails, this court need not address the remaining prong. State v. Crow, 8 Wn. App. 2d 480, 507, 438 P.3d 541 (2019).

Forler impermissibly revives the very argument that was "raised and rejected" on direct appeal. Taylor, 105 Wn.2d at 687. Forler specifically argued that defense counsel was ineffective for failing to request an instruction on the defense of entrapment. Forler, slip op. at 12. This court held, "[e]ven if Forler can show that he was entitled to a jury instruction on the defense of entrapment, Forler cannot show that his defense counsel lacked a legitimate trial strategy for not requesting the instruction." Forler, slip op. at 12.

The court explained:

Defense counsel was not ineffective for failing to request a jury instruction on the defense of entrapment because Forler cannot show the absence of a legitimate trial strategy for not requesting the instruction. Forler's theory at trial was to challenge the mens rea element of attempted rape of a child and attempted commercial abuse of a child. He testified that he did not go to the apartment with the specific intent to commit those crimes, rather he was trying to discern whether children were at risk. If, at the same time, Forler argued that he was entrapped by law enforcement, he would have to prove, by a preponderance of evidence, that law enforcement induced him to commit a crime he was not predisposed to commit.

Forler, slip op. at 13.

"Forler's actions, and subsequently, the defense's legal theory, were inconsistent with showing the required elements of entrapment—inducement and lack of predisposition." Forler, slip op. at 14.

Forler attempts to reframe his ineffective assistance of counsel claim in terms of the State's pretrial motion to prohibit Forler from arguing entrapment. In support, Forler cites State v. Arbogast, 199 Wn.2d 356, 506 P.3d 1238 (2022). Such a reframing is only permissible if Arbogast announced an intervening change in the law that Forler could not have raised previously. In re Pers. Restraint of Davis, 152 Wn.2d 647, 750, 101 P.3d 1 (2004).

In Arbogast, our Supreme Court held, "generally, affirmative defense instructions are permitted upon a prima facie showing of some evidence in support of the defense." 199 Wn.2d at 368. The Arbogast court acknowledged that "[a] handful of cases describe the burden differently" for instance, by stating "that defendants are entitled to an instruction if it is supported by substantial evidence." 199 Wn.2d at 369. In light of these differences, the court was taking "the opportunity to clarify that regardless of the terms used, the quantum of proof justifying an instruction on a party's theory of the case is some evidence supporting the proposition." Arbogast, 199 Wn.2d at 370. However, the Arbogast court was careful to articulate that this was a clarification of a point of confusion in the law, not a change in the law overturning existing precedent. 199 Wn.2d at 370.

Tellingly, Forler does not attempt to argue that Arbogast was a material change in law. As a matter of law, Arbogast did not announce a new rule. See 199 Wn.2d at 370; see also In re Pers. Restraint of Racus, 26 Wn. App. 2d 447, 455, 527 P.3d 833 (2023) (holding Arbogast did not change the law, it merely clarified the existing law).

Forler seeks retroactive application of our Supreme Court's clarification of existing law, which is not grounds for collateral review. Rather, new points of fact and

law should be raised that were not or could not have been raised in the principal action. We again note that Forler unsuccessfully argued ineffective assistance of counsel for failure to raise an entrapment defense in his direct appeal. See Forler, slip op. at 13.[2] Simply revising a previously rejected legal argument neither creates a new claim nor constitutes good cause to reconsider the original claim. Yates, 177 Wn.2d at 17.

III

Finally, Forler challenges a community custody condition that he obtain a substance abuse evaluation and successfully complete any and all recommended treatment.

A person subject to community custody conditions may raise a challenge to the conditions through a PRP, where they must show they are restrained and that the restraint is unlawful. RAP 16.4(a)-(c); In re Pers. Restraint of Blackburn, 168 Wn.2d 881, 883-84, 232 P.3d 1091 (2010). A court may, in its discretion impose "any crime-related prohibitions" that "directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.703(3)(f); RCW 9.94A.030(10). There must be a sufficient connection between the prohibition and the crime. State v. Nguyen, 191 Wn.2d 671, 685, 425 P.3d 847 (2018).

Forler argues that this condition was improper as his crime did not involve drugs or alcohol. The State concedes that the condition should be stricken. We accept the State's concession.

---

[2] Further, this court correctly explained the burden of proof required for an entrapment defense. Forler, slip op. at 13; Arbogast, 199 Wn.2d at 366 ("Defendants must prove entrapment by a preponderance of the evidence.").

We remand for the trial court to remove the community custody condition but otherwise deny Forler's PRP.

_____ Mann, J.

WE CONCUR:

_____
Díaz, J.

_____
Bowman, J.